IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marcus Daniel Allison, | ) | C/A No.: 1:14-668-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Oconee County Attorney Tom Martin; | ) | ORDER |
| Dep. Sol. David Wagner; Chief P.D. | ) | |
| Wilson Burr; Oconee County Sheriff's | ) | |
| Office Cpl. Jarrett Price; Sgt. Casey | ) | |
| Bowling; James Singleton, Ret. Sheriff; | ) | |
| and Elizabeth Holcomb, M.D. Lieber | ) | |
| Corr. Inst.; Jointly, Individually and in | ) | |
| their Official Capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    This is a civil action filed by a state prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2)(d) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

    On March 14, 2014, the court issued an order directing Plaintiff to provide documents necessary for initial review. [Entry #8]. Plaintiff complied with the order and this case is now in proper form.

    Plaintiff also files a motion to appoint counsel in this action. [Entry #13]. There is no right to appointed counsel in a case filed pursuant to 42 U.S.C. § 1983. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff's motion fails to demonstrate that exceptional circumstances exist in this case. Rather, Plaintiff states that he is unable to afford counsel, that imprisonment limits his ability to properly investigate, research and litigate this case, and that "counsel would be better prepared and suited to handle these issues." [Entry #13 at 1]. After a review of the motion, this court has determined that there are no

exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989).  The issues in most civil rights cases are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case.  Accordingly, Plaintiff's motion for a discretionary appointment of counsel under 28 U.S.C. § 1915 (e)(1) is denied.

### **PAYMENT OF THE FILING FEE:**

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350.[*]  *See* 28 U.S.C. § 1914.  This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code.  *See* 11 U.S.C. § 523(a)(17).  The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available.  *See* 28 U.S.C. § 1915(a), (b).  As the court has granted Plaintiff permission to proceed *in forma pauperis*, **the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid.**  *See Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

### **TO THE CLERK OF COURT**:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A.  Therefore, the Clerk of Court shall ***not*** issue the summonses or forward this matter to the United States Marshal for service of process at this time.

**IT IS SO ORDERED**.

*Shiva V. Hodges*

April 24, 2014                                              Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

---

[*]  Effective May 1, 2013, an administrative fee of $50 is added to the filing fee of $350.  The $50 administrative fee, however, is not applicable to *in forma pauperis* cases.

2