IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marcus Daniel Allison, | ) | C/A No.: 1:14-668-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Oconee County Attorney Tom Martin; | ) | |
| Dep. Sol. David Wagner; Chief P.D. | ) | REPORT AND RECOMMENDATION |
| Wilson Burr; Oconee County Sheriff's | ) | |
| Office Cpl. Jarrett Price; Sgt. Casey | ) | |
| Bowling; James Singleton, Ret. Sheriff; | ) | |
| and Elizabeth Holcomb, M.D. Lieber | ) | |
| Corr. Inst.; Jointly, Individually and in | ) | |
| their Official Capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Marcus Daniel Allison, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges causes of action and violations of his constitutional rights associated with his 2010 arrest and subsequent prosecution and incarceration. [Entry #11 at 3–5]. Plaintiff additionally alleges denial of medical care while incarcerated at Lieber Correctional Institution ("LCI"). *Id.* at 5. Plaintiff filed a motion to show cause for a preliminary injunction. [Entry #14]. Plaintiff names the following as defendants: Tom Martin ("Martin"); Dep. Sol. David Wagner ("Wagner"); Oconee County Chief Public Defender Wilson Burr ("Burr"); Cpl. Jarrett Price ("Price");

---

[1] On April 2, 2014, Plaintiff filed an amended complaint in this case, which restated the claims alleged in the original pleading and named formerly-unidentified defendants. [Entry #11].

Sgt. Casey Bowling ("Bowling"); Sheriff James Singleton ("Singleton"); and Dr. Elizabeth Holcomb ("Holcomb") (collectively "Defendants").

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the amended complaint in this case without prejudice and without issuance and service of process. The undersigned further recommends that Plaintiff's motion to show cause for a preliminary injunction be denied.

I.      Factual and Procedural Background

Plaintiff, now an inmate at McCormick Correctional Institution ("MCI"), alleges that Price and Bowling of the Oconee County Sheriff's Office ("OCSO") performed an illegal search of Plaintiff's residence on May 3, 2010. [Entry #11 at 3]. Plaintiff further alleges that Price and Bowling illegally seized and manipulated his property "to produce the appearance that he was in possession of burglary tools and stolen property." *Id.* Price and Bowling then allegedly placed Plaintiff's property in the rain, "allowing valuable exculpatory evidence to be washed away." *Id.* Plaintiff asserts that Price arrested him for burglary without a warrant. *Id.*

Plaintiff claims that Burr served as his public defender and provided ineffective legal assistance. In addition, Plaintiff alleges Wagner, Singleton, Price, and Bowling maliciously prosecuted Plaintiff for burglary and grand larceny, on which he was

2

ultimately convicted on April 25, 2012. *Id.* at 4–5.

Plaintiff further alleges that during his incarceration at LCI, inmates attacked and stabbed him numerous times on January 24, 2013. *Id.* Plaintiff claims that he was denied medical attention after the assault for two weeks and placed in an unsanitary cell. *Id.* at 5–6. Plaintiff alleges that on February 7, 2013, he was transferred to MCI, where he received an x-ray. *Id.* at 6. However, Plaintiff complains that he has not yet received any blood work. *Id.* Plaintiff seeks monetary damages and injunctive relief. *Id.* at 7–8.

## II.    Discussion

### A.    Standard of Review

Plaintiff filed his amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the

development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.      Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

1.      Improper defendants

a.      No state action under § 1983 for attorneys

An attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn.8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56

4

nn.2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Plaintiff identifies Martin as the attorney for Oconee County[2] and alleges that Burr failed to render effective legal representation in Plaintiff's state criminal proceedings. [Entry #11 at 4]. However, as the performance of traditional legal functions does not constitute state action under § 1983, Martin and Burr are entitled to summary dismissal from this case.

### b.    Prosecutorial immunity

Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Plaintiff sues Wagner for actions associated with the prosecution of Plaintiff's state criminal charges. Because such claims are barred under § 1983 by prosecutorial immunity, Wagner should be summarily dismissed form this case.

### 2.    Deliberate indifference to medical needs

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made clear that a

---

[2] To the extent Plaintiff may also be alleging claims against the Oconee County, he fails to identify any governmental policy or custom of the County which caused his constitutional rights to be violated. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (a municipality or other local government entity may be held liable under § 1983 only where the constitutionally offensive actions of its employees are taken in furtherance of some municipal policy or custom).

5

plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff amended his complaint to identify Holcomb as a medical doctor at LCI. [Entry #11 at 1]. Plaintiff discusses the actions of unidentified and unnamed officers and nurses who allegedly refused to provide him immediate medical treatment after a stabbing incident in January 2013. However, Plaintiff provides no factual allegations to demonstrate that Holcomb directly participated in the purported denial of medical care. *Id.* at 5–6. Further, to the extent Plaintiff names Holcomb as the "Medical Doctor in charge at the time Plaintiff was injured," [Entry #10-1 at 7], he fails to show that Holcomb was aware of Plaintiff's need for medical care, or deliberately indifferent to any constitutional injury he suffered. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). As Plaintiff provides insufficient factual allegations to state a cognizable § 1983 claim against Holcomb, she is entitled to summary dismissal from this action.

       3.    Illegal search; false arrest; false imprisonment/malicious prosecution

In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where

success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Further, to the extent the Constitution may recognize a right to be free from malicious prosecution, *see Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009), a plaintiff must demonstrate seizure "'pursuant to legal process that was not supported by probable cause and [ ] that the criminal proceedings have terminated in plaintiff's favor.'" *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (quoting *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005)).

Plaintiff alleges an unlawful search of his residence and false arrest by Bowling and Price, and an unlawful prosecution and incarceration by Bowling, Price, and Singleton. [Entry #11 at 3–5]. Plaintiff further claims that these actions resulted in his conviction for burglary first degree and grand larceny on April 25, 2012. *Id.* at 5. A favorable determination on the merits of Plaintiff's claims in this action would require a finding that his imprisonment is invalid, and Plaintiff provides no facts to demonstrate that he has successfully challenged these convictions. Because Plaintiff does not demonstrate that the criminal proceedings stemming from Defendants' actions terminated in his favor, Plaintiff's claims for damages and injunctive relief related to the alleged illegal search, seizure of property, false arrest, malicious prosecution and false imprisonment are subject to summary dismissal. *See Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (applying *Heck* to claims for injunctive relief), *abrogated on other grounds by Skinner v. Switzer*, 131 S. Ct. 1289, 1298–1300 (2011).

4.     State law claims

The federal claims in this case are recommended for summary dismissal. Therefore, the district court should decline to exercise supplemental jurisdiction over Plaintiff's state law causes of action raised in the amended complaint. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

5.     Motion for preliminary injunction

a.     Standard of review

A party seeking a preliminary injunction or temporary restraining order must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] A plaintiff must make a clear showing that he is likely to succeed on the

---

[1]  Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Comm'n*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–47, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*.  *See The Real Truth About Obama,*

merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 19–20; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. *See Real Truth*, 575 F.3d at 346–47.[2] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 19–23).

           b.       Analysis

       Plaintiff's motion alleges that: (1) he continues "to suffer [d]uress by the severe violations of his United States and State Constitutional Rights;" (2) he will be able to prove the facts of his case during trial; (3) he will continue to suffer irreparable harm if a preliminary injunction is not issued; (4) the harm he suffers is greater than any harm or inconvenience placed on Defendants; and (5) the issuance of an injunction "will reflect positively on both the public's and the plaintiff's interests." [Entry #14-1 at 1]. However, Plaintiff provides no facts to bolster these bare assertions and fails to make a clear showing that he will suffer irreparable harm if a preliminary injunction is not issued. Plaintiff also fails to meet his burden of proving that the balance of equities tips in his favor, and fails to show how public interest would be served by the issuance of a

---

*Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

[2] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder's* sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 20–22.

preliminary injunction.  The United States Supreme Court has held that a plaintiff must do more than make conclusory statements to state a claim.  *See Ashcroft*, 556 U.S. at 677–78 (2009).  Further, as discussed above, Plaintiff has not demonstrated a clear likelihood of success on the merits of his amended complaint.  As Plaintiff has not demonstrated a likelihood of success on the merits or more than a possibility of irreparable harm, and because he fails to show that the balance of the equities and the public interest involved warrant the extraordinary remedy of injunctive relief, the motion for preliminary injunction should be denied.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process, and that Plaintiff's motion to show cause for a preliminary injunction [Entry #14] be denied.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 24, 2014                                    Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).