UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Marcus Daniel Allison, ) | Civil Action No.: 1:14-cv-668-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | **ORDER** |
| ) | |
| Tom Martin, Oconee County Attorney; ) | |
| Deputy Sol David Wagner; Chief PD ) | |
| Wilson Burr; Cpl. Jarrett Price; Sgt. Casey ) | |
| Bowling; James Singleton; Elizabeth ) | |
| Holcomb, M.D., Lieber Corr. Inst.; Jointly, ) | |
| Individually and in their Official Capacities; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, Marcus Daniel Allison, currently incarcerated at McCormick Correctional Institution in McCormick, South Carolina and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 seeking damages for alleged constitutional violations associated with his 2010 arrest and subsequent prosecution, and conviction. Plaintiff also alleges he was denied medical care following a stabbing incident while incarcerated at Lieber Correctional Institution. Additionally, Plaintiff has filed a motion [Docket Entry #14] to show cause for a preliminary injunction.

This matter is before the court with the Report and Recommendation [Docket Entry #17] of Magistrate Judge Shiva V. Hodges filed on April 24, 2014.[1] The Magistrate Judge recommended that the case be dismissed without prejudice and without issuance and service of process. Plaintiff timely filed Objections [Docket Entry #19] to the Magistrate Judge's Report and Recommendation. After the Magistrate Judge issued the Report and Recommendation, Plaintiff filed the following

---

[1] This matter was referred to Magistrate Judge Hodges pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2).

motions: 1) motion to amend his complaint [Docket Entry #20]; 2) motion for inspection of grand jury transcripts and supplementals [Docket Entry #23]; and 3) motion for transcribing the record [Docket Entry #25].

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

Plaintiff's claims can be divided into two categories: 1) claims related to his 2010 arrest, prosecution, and conviction; and 2) claims of deliberate indifference to serious medical needs

related to an alleged stabbing incident at Lieber Correctional Institution.

I.     Claims related to 2010 arrest, prosecution, conviction, and sentence

The Magistrate Judge recommended that all of Plaintiff's claims related to his 2010 arrest, subsequent prosecution, conviction, and sentence were due to be dismissed under *Heck v. Humphrey*, 512 U.S. 477. In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. A state prisoner's claim for damages that necessarily implies the invalidity of the prisoner's conviction or sentence is not cognizable under 42 U.S.C. § 1983 unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated.[2] *Id*. Here, Plaintiff, cannot demonstrate that his conviction and sentence have been previously invalidated. Indeed, in

---

[2]     The Supreme Court acknowledged in *Heck* that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still outstanding conviction. Because of doctrines like independent source and inevitable discovery, *see Murray v. United States*, 487 U.S. 533, 539, 108 S.Ct. 2529, 2534, 101 L.Ed.2d 472 (1988), and especially harmless error, *see Arizona v. Fulminante*, 499 U.S. 279, 307–308, 111 S.Ct. 1246, 1263–1264, 113 L.Ed.2d 302 (1991), such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, *see Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 308, 106 S.Ct. 2537, 2543, 91 L.Ed.2d 249 (1986), which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned)." *Heck*, 512 U.S. at 487 n.7. In this case, although Plaintiff has alleged an illegal search in addition to his claims of false arrest, false imprisonment, and malicious prosecution, the injury for which he seeks redress is simply the injury of being convicted and imprisoned. *See* [Amended Complaint, Docket Entry #11]. Until and unless Plaintiff's conviction is overturned or invalidated, his claims for illegal search, false arrest, false imprisonment, and malicious prosecution under 42 U.S.C. § 1983 are not cognizable.

his Objections, Plaintiff appears to acknowledge his inability to demonstrate that his state court conviction and sentence have been invalidated by arguing that "any claims that challenge the conviction or sentence, but not the procedures should be tolled until a determination of said conviction is reached by the courts currently considering plaintiff's appeals." [Objections to Report and Recommendation, at pg. 8, Docket Entry #19]. Accordingly, Plaintiff's claims related to his 2010 arrest, subsequent prosecution, conviction, and sentence are dismissed pursuant to *Heck v. Humphrey*, 512 U.S. at 486-87.

The Magistrate Judge also found that the Oconee County attorney (Martin) and Chief Public Defender (Burr) were not state actors and therefore improper defendants in a § 1983 action. Plaintiff objected arguing that Chief Public Defender Burr could be liable upon a proper determination of capacity. [Objections to Report and Recommendation, at pg. 5, Docket Entry #19]. However, a defense attorney in a criminal case, such as Defendant Burr, whether retained, court-appointed, or a public defender, does not act under color of state law. *See Deas v. Potts*, 547 F.2d 800 (4th Cir.1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir.1980), cert. denied, 454 U.S. 1141, 102 S.Ct. 999, 71 L.Ed.2d 293 (1982) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317–324 & nn. 8–16, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (public defender).

With regard to Oconee County attorney Martin, Plaintiff appears to argue that he did not intend to sue Martin individually, but instead intended to sue Oconee County. Plaintiff argues he simply served Martin in his capacity as one authorized to accept service on behalf of Oconee County under Rule 4(d)(6), SCRCP. However, regardless of whether Plaintiff intended to sue Oconee County or Martin individually, because Plaintiff's injury is his conviction and imprisonment, and he

cannot demonstrate that the state court criminal proceedings terminated in his favor, any claim Plaintiff may have against Oconee County related to his arrest, prosecution, conviction, and sentence fails pursuant to *Heck v. Humphrey*, 512 U.S. at 486-87.  Furthermore, as the Magistrate Judge noted, Plaintiff has failed to identify any governmental policy or custom of the County which caused his constitutional rights to be violated. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974) (a municipality or other local government entity may be held liable under § 1983 only where the constitutionally offensive actions of its employees are taken in furtherance of some municipal policy or custom).

The Magistrate Judge found that Plaintiff's claims against Deputy Solicitor David Wagner were barred by prosecutorial immunity.  Plaintiff objected arguing that under *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), prosecutors are not entitled to immunity when engaged in administrative or investigative functions.  Plaintiff contends that he will be able to show a § 1983 violation by Defendant Wagner if given the opportunity for more specific pleading and discovery.  Plaintiff's amended complaint alleges that "Deputy Solicitor David Wagner negligently, and/or recklessly, and/or maliciously maintained the prosecution of the charges against plaintiff, knowing the result of a conviction would cause the plaintiff severe mental and physical injury, while placing the plaintiff in a life threatening situation." [Amended Complaint, at ¶ 9, Docket Entry #11].  Plaintiff's allegation that Wagner "maintained the prosecution of the charges against plaintiff" describes traditional prosecutorial functions for which immunity should apply. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Plaintiff does not allege any conduct that could be construed as administrative or investigative action by Wagner.  Therefore, Wagner should enjoy prosecutorial immunity from this lawsuit.  Additionally, because Plaintiff cannot demonstrate that

his state court conviction has been overturned or invalidated, his claims against Wagner fail under *Heck v. Humphrey*, 512 U.S. at 486-87.

In summary, Plaintiff's claims related to his 2010 arrest, subsequent prosecution, conviction, and sentence are summarily dismissed.

II.     Deliberate Indifference to Serious Medical Needs

Plaintiff has alleged that while incarcerated at Lieber Correctional Institution he was denied medical care following a physical assault and stabbing incident on January 24, 2013. In his Amended Complaint, Plaintiff named Elizabeth Holcomb, M.D., Lieber Correctional Institution as the sole defendant on his denial of medical care claim. The Magistrate Judge recommended summary dismissal of Plaintiff's deliberate indifference claim because he provided no factual allegations to demonstrate that Defendant Holcomb directly participated in the alleged denial of medical care. Plaintiff objected arguing that his claim against Holcomb is for negligence, recklessness, wilful neglect, disregard for human rights, and inadequate medical care. Plaintiff argues that Holcomb could be held liable due to her contractual obligation to provide medical services to prisoners at Lieber Correctional Institution. Plaintiff further asserted that discovery could facilitate better identification. However, Plaintiff continues to provide no factual allegations to demonstrate that Holcomb was either aware of Plaintiff's need for medical care, or deliberately indifferent to any constitutional injury he suffered. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (stating that to hold a supervisor liable under § 1983, "[a] plaintiff must show actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff"). As a result, Defendant Holcomb is summarily dismissed from this

6

action.

III.    State Law Claims

Because Plaintiff's federal claims brought under 42 U.S.C. § 1983 have been summarily dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

IV.    Motion for Preliminary Injunction

The Magistrate Judge recommended denying Plaintiff's motion for preliminary injunction in part because Plaintiff could not establish a clear likelihood of success on the merits of his amended complaint. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). While Plaintiff argued that he has suffered irreparable harm, Plaintiff failed to object to the Magistrate Judge's finding that the motion should be denied because he could not establish a clear likelihood of success on the merits. In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). This Court, therefore, adopts the Magistrate Judge's finding that Plaintiff's motion for preliminary injunction should be denied because Plaintiff was unable to show a clear likelihood of success on the merits of his amended complaint.

V.    Motion for Leave to Amend

After the Report and Recommendation was issued, Plaintiff filed a motion to amend his amended complaint. Federal Rule of Civil Procedure 15(a)(1) allows a party to amend a pleading once, as a matter of course, within either: 1) 21 days after serving the pleading; or 2) 21 days after service of a responsive pleading or 21 days after service of a Rule 12(b) motion, whichever is

earlier. Fed. R. Civ. Pro. 15(a)(1)(A)-(B). Rule 15(a)(2), which governs amendments "in all other cases," provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). Plaintiff has already amended his complaint once. For the reasons stated above, the Court finds that any further amendments to Plaintiff's Complaint would only serve to advance futile claims. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999) (stating "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile"). Therefore, Plaintiff's motion to amend his amended complaint is denied.

VI.     Motion for Inspection of Grand Jury Transcripts and Supplementals; Motion for Transcribing of the Record

Plaintiff has also filed a: 1) motion to inspect grand jury transcripts and supplementals; and 2) motion for transcribing the record pursuant to Fed. R. Civ. P. 72(b)(2). With respect to Plaintiff's motion to inspect grand jury transcripts and supplementals, because the Court has summarily dismissed Plaintiff's claims related to his 2010 arrest, prosecution, conviction, and imprisonment, Plaintiff's motion is now moot.

As to the motion for transcribing the record pursuant to Rule 72(b)(2), the Rule provides that a party objecting to the magistrate judge's recommended disposition should promptly arrange for the transcription of the record or portions of the record agreed upon by the parties or as directed by the magistrate judge, unless directed otherwise by the district judge. Fed. R. Civ. P. 72(b)(2). In this case, the Magistrate Judge did not direct Plaintiff to transcribe any portion of the record, nor is transcription of any portion of the record necessary for this Court to rule on Plaintiff's objections to

the Report and Recommendation.  Therefore, Plaintiff's motion for transcribing the record pursuant to Rule 72(b)(2) is denied.

### Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #17] of the Magistrate Judge.  Accordingly, Plaintiff's amended complaint is hereby **DISMISSED without prejudice** and without issuance and service of process.

Further, Plaintiff's motion [Docket Entry #14] for a preliminary injunction is **DENIED**; Plaintiff's motion [Docket Entry #20] to amend his complaint is **DENIED**; Plaintiff's motion [Docket Entry #23] for inspection of grand jury transcripts and supplementals is **DENIED as moot**; and Plaintiff's [Docket Entry #25] motion for transcribing the record is **DENIED**.

**IT IS SO ORDERED**.

Florence, South Carolina  
November 24, 2014

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge